The County of Cook, a Body Politic and Corporate, Plaintiff-Appellant, v. Mac Hoytt, Defendant-Appellee.

Gen. No. 48,930.

First District, First Division.

April 29, 1963.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, and Joseph V. Roddy, Ronald Butler and Thomas A. Hett, Assistant State's Attorneys, of counsel), for appellant.

Reynolds and Helm, of Chicago (Earl R. Reynolds, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff's complaint contained two counts, Count I alleging that defendant maintained his house trailer in violation of the County Zoning Ordinance, and Count II alleging that defendant's maintenance of the trailer constituted a nuisance. Both counts sought injunctive relief. Defendant's answer denied the charges of the entire complaint.

Plaintiff filed a motion for summary judgment as to Count I supported by an affidavit, and defendant filed a counter-affidavit.

On May 18, 1962, the chancellor found that plaintiff's motion was not well founded in law; that defendant had a legal right to maintain his premises as a nonconforming use under the County Zoning Ordinance; and ordered "[t]hat the motion of plaintiff for summary judgment on Count I of the complaint be and the same is hereby denied."

On May 29, 1962, on motion of plaintiff, the court entered another order amending the order of May 18 by adding:

> "It is further ordered that Count I of the complaint filed herein be dismissed for want of equity."

Plaintiff seeks to appeal from both of these orders. ██ We believe that neither order is a final, appealable order, and we are, therefore, without jurisdiction to determine the appeal, despite the fact that neither party has called attention to our lack of authority. (Ill Rev Stats, c 110, § 77.) Faced with a similar situation, the Supreme Court stated in Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill 200, 202, 75 NE 473:

> A court finding it has no jurisdiction of a cause should dismiss it of its own motion, and the Appellate Court should have dismissed the appeal of its own motion at appellant's cost.

See also The Village of Niles v. Szczesny, 13 Ill2d 45, 49, 147 NE2d 371, and Johnson v. City of Rockford, 26 Ill App2d 133, 169 NE2d 534.

Since determination of the rights of the parties under Count I of the complaint disposes of less than all of the claims for relief involved in the action, the order making such disposition cannot be final and appealable without an additional "express finding that there is no just reason for delaying enforcement or appeal." (Ill Rev Stats, c 110, § 50(2).) Piecemeal appeals are thus prohibited unless the trial court, in the exercise of its discretion, makes the finding indicated. (Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787.)

In the case at bar, the chancellor may or may not make such a finding prior to determination of the action under Count II. We express no opinion as to how he should exercise his discretion in this regard. If, however, the subject matter of this appeal were again to be presented to this court, the abstracts and briefs now on file could be transferred to the file of the new appeal without reprint.

Appeal dismissed.

BURMAN, P. J. and MURPHY, J., concur.