JERRY M. GRAY *et al.*, Plaintiffs-Appellees, *v.* ITT THORP CORPORATION, Defendant-Appellant.

Third District    No. 78-420

Opinion filed April 20, 1979.

Braney Olson II, Ltd., of Galesburg, for appellant.

Barry M. Barash and Charles E. Covey, both of Barash & Stoerzbach, of Galesburg, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The appeal involved in the present proceeding is from orders of the Circuit Court of Knox County in an action in which the plaintiffs had complained that defendant Thorp Corporation had violated provisions of the Federal and State Truth-in-Lending Acts, and the Illinois Consumer Fraud Act. 15 U.S.C. §1601 *et seq.*; 12 C.F.R. 226.1 *et seq.*; Ill. Rev. Stat. 1977, ch. 74, par. 51 *et seq.*; Ill. Rev. Stat. 1977, ch. 121½, par. 261 *et seq.*

Jerry and Christine Gray had made three loans on three different occasions from defendant ITT Thorp Corporation, formerly Thorp Credit, Inc., of Illinois. On July 5, 1978, the plaintiffs filed a complaint against the defendant, as we have noted.

In Paragraph 4 of the Gray complaint, the Grays allege five specific violations in five subparagraphs which are lettered (a) through (e). In the action, the trial judge found for the Grays as to subparagraph (a) on the motion of the Grays for summary judgment. The trial court found for the defendant on the oral motion for summary judgment as to subparagraphs (b) and (e). No ruling of any kind was made by the trial court as to subparagraphs (d) and (c). Damages were found by the trial court in favor of the Grays at $1,914.73, plus attorney's fees of $150 and court costs.

Defendant Thorp then filed a notice of appeal and the Grays responded with a notice of cross-appeal, specifying that the Grays were cross-appealing from the trial court's computation of damages only.

Although neither of the parties has raised the issue, we detect a serious question as to whether this court has jurisdiction to hear any of the issues presented in this case. The complaint filed by the Grays makes five separate claims so distinctly that this is clearly a case involving multiple claims where the cause is governed by Illinois Supreme Court Rule 304. (Ill. Rev. Stat. 1977, ch. 110A, par. 304.) That rule states that:

"If * * * multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the * * * claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. * * * In the absence of such a finding, any judgment that adjudicates fewer than all the claims * * * is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims * * *."

The judgment in the instant case fails to adjudicate all of the claims, since the trial court did not adjudicate the claims made by the Grays in subparagraphs 4(c) and (d) of their complaint. The trial court, also, did not make an express written finding that there was no just reason for delaying enforcement or appeal in this case. Accordingly, under Supreme Court Rule 304, to which we have referred, the judgment in the instant case is not appealable to this court.

*Cook County v. Hoytt* (1st Dist. 1963), 41 Ill. App. 2d 122, 190 N.E.2d 150, involves a case where plaintiff brought a two-count complaint against the defendant. Plaintiff alleged that defendant's house trailer violated a zoning ordinance in count I and in count II alleged that the trailer constituted a nuisance. Plaintiff's motion for summary judgment as to count I was denied and the trial court ordered count I dismissed. Plaintiff sought to appeal both orders.

The Appellate Court for the First District of Illinois held:

"Since determination of the rights of the parties under Count I of the complaint disposes of less than all of the claims of relief involved in the action, the order making such disposition cannot be final and appealable without an additional 'express finding that there is no just reason for delaying enforcement or appeal.' [Citing a civil practice rule which is the predecessor to Supreme Court Rule 304.]" (41 Ill. App. 2d 122, 124.)

The court in *Hoytt* concluded that neither order is a final, appealable order, and that the court, therefore, was without jurisdiction to determine the appeal, despite the fact that neither party had called attention to the lack of authority by the appellate court. The court also quoted from the Illinois Supreme Court in the case of *Chicago Portrait Co. v. Chicago Crayon Co.* (1905), 217 Ill. 200, 202, 75 N.E. 473:

"A court finding it has no jurisdiction of a cause should dismiss it of its own motion, and the Appellate Court should have dismissed the appeal at appellant's cost."

Even though, in the instant case, the multiple claims were all in the same count of the complaint, because of the nature of the claims made, they were independent claims which were required to be adjudicated.

The effect was the same as if there had been a separate count as to each claim asserted in the complaint.

We have encountered similar situations in cases filed in this court and have determined that failure to comply with Rule 304 requires dismissal of the appeal. In *Brown v. Whipple* (3d Dist. 1974), 16 Ill. App. 3d 850, 306 N.E.2d 899, in a case where the trial court entered judgment for the plaintiffs on counts I and III of a complaint involving fraud and breach of contract but did not dispose of counts II and IV as to breach of contract, and where the trial court failed to make an express finding that there was no just reason for delaying appeal before deciding all the claims of the parties, we found that the appeal was required to be dismissed for failure to comply with Rule 304(a), to which we have referred.

Similarly, we find, in the instant case, that the trial court failed to make an express finding that there was no just reason for delaying the appeal and failed to make any adjudication as to claims designated as 4(c) and 4(d). For the reasons stated, therefore, the appeal from the judgment of the Circuit Court of Knox County in this cause is dismissed.

Appeal dismissed.

STOUDER, P. J., and SCOTT, J., concur.