*In re* MARRIAGE OF RONALD J. ZYMALI, Petitioner-Appellant, and MAUREEN ZYMALI, Respondent-Appellee.

First District (5th Division)    No. 79-2384

Opinion filed March 27, 1981.

Vincent J. Pascucci, of Chicago (Griffin, Fiedler & Pascucci, Ltd., of counsel), for appellant.

Gomberg, Schaps & Goldberg, Ltd., of Chicago (Vincent F. Vitullo, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This appeal is from an order refusing to modify an award of temporary maintenance entered against petitioner. Petitioner contends that the trial court abused its discretion in refusing to modify the temporary order and that the refusal was contrary to the manifest weight of the evidence. Respondent maintains that the appeal should be dismissed. We dismiss the appeal.

On July 31, 1979, petitioner filed a petition for dissolution of marriage in which he prayed for a dissolution of marriage, a just division of marital property and that both parties be barred from maintenance or support. His petition alleged his marriage to respondent, that no childen were born or adopted during their marriage, and that although respondent was not employed, she was in good health and well able to provide her own support. On August 10, 1979, respondent filed a counterpetition for dissolution or, in the alternative, legal separation in which she prayed for a judgment of dissolution, temporary and permanent maintenance, that petitioner be required to vacate the marital home, and that she be awarded her nonmarital property, a just division of marital property and both temporary and permanent attorney's fees. Her petition alleged that she was unemployed and that the parties possessed various valuable assets.

On August 30, 1979, an order was entered which the parties concede was pursuant to an agreement continuing the cause to September 26, 1979, and providing "that pending the continued hearing," petitioner was to pay the rent and utility bills on the marital home. This order further directed petitioner to pay respondent $100 per week, provide her with a car and

pay her attorney fees of $350. It stated that it was based on petitioner's gross income for the year 1978 in the sum of $18,539.

No hearing was had on September 26, and on November 16, 1979, petitioner filed an amended petition to modify the order of August 30. Petitioner alleged that the prior order was "agreed to on the representation that it was only temporary in nature until September 26, 1979, at which time the case would be disposed of." The amended petition set forth that petitioner's net income for 1978 was $8075 and included a statement of his income for 1979 up to November, which indicated that he had gross receipts of $19,043 from self-employment but net income of only $8253. Finally, the amended petition alleged that respondent, without his knowledge, gathered substantial bills for clothing and long distance telephone calls.

A hearing was held and petitioner testified and presented evidence. No testimony was offered by respondent. On November 21, 1979, the court entered its order effective November 16, 1979, which provided that the order entered August 30, 1979, shall remain in full force and effect and that respondent not charge any long distance telephone calls or make any other credit card charges against petitioner. Petitioner appeals from the November 21, 1979, order.

OPINION

■■ Before considering an appeal on its merits, it is our duty to determine whether an appeal has been properly taken so as to invoke our jurisdiction. (*Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 403 N.E.2d 704; *English v. English* (1979), 72 Ill. App. 3d 736, 393 N.E.2d 18.) Respondent contends that the appeal should be dismissed for failure to comply with the provisions of Supreme Court Rule 307 (Ill. Rev. Stat. 1979, ch. 110A, par. 307), namely, the failure to designate the notice of appeal as "Notice of *Interlocutory* Appeal" and failure to file the record within the same 30 days from the interlocutory order of November 21, 1979, as required for the notice of appeal. The record was in fact filed on March 13, 1980. Petitioner argues that Rule 307 is not applicable in that the order is not interlocutory but is final and appealable. Rule 307 pertains to interlocutory orders which are appealable as of right. Appeals from interlocutory orders are permitted only if specifically provided for in the rules. (*Camp v. Chicago Transit Authority*.) Rule 307 does not provide for an interlocutory appeal from an order providing for temporary maintenance. (Ill. Rev. Stat. 1979, ch. 110A, par. 307.) Therefore, this rule is not applicable to the present case.

■■ Nevertheless, for an appellate court to have subject matter jurisdiction, an appeal must generally be taken from a final order which either terminates the litigation between the parties on the merits or disposes of

the rights of the parties in regard to the entire controversy or some definite part thereof. (*Jursich v. Arlington Heights Federal Savings & Loan Association* (1980), 83 Ill. App. 3d 352, 403 N.E.2d 1260; *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 360 N.E.2d 458.) Only an order which terminates the litigation on the merits so that, if affirmed, the trial court has only to proceed with execution is a final order. (*Johnson v. Northwestern Hospital* (1979), 74 Ill. App. 3d 695, 393 N.E.2d 712.) An order which leaves a cause still pending and undecided is not a final order. (*Johnson v. Northwestern Hospital*; *Oak Brook Bank v. Citation Cycle Co.*) Yet, whether a judgment is final depends somewhat on the purpose for which and the standpoint for which it is considered, since it may be final for one purpose and not for another. *Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 50 N.E.2d 836.

In the instant case the appeal is from the order entered November 21, 1979, which denied petitioner's petition to modify the August 30, 1979, order. The order provided that the order of August 30, 1979, remain in full force and that respondent shall not charge long-distance telephone calls or make any credit card charges against the petitioner. The order of August 30, 1979, provided for temporary maintenance, being one of the claims sought by respondent in the counterpetition and as a temporary order was effective until the termination of the entire proceedings, namely, the determination of the prayers for dissolution or separate maintenance. (See Ill. Rev. Stat. 1979, ch. 40, par. 501(d)(3); *Ylonen v. Ylonen* (1954), 2 Ill. 2d 111, 117 N.E.2d 98.) As such the November 21 order did dispose of a definite and separate branch of the entire controversy. Nonetheless, this order failed to dispose of all the parties' claims in that it did not determine or provide for a judgment of dissolution, a division of marital property, permanent maintenance, permanent attorney's fees or any other relief. Compare *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 403 N.E.2d 1036.

Inasmuch as this order disposed of only one of the parties' claims, but fewer than all of the claims, its appealability is governed by Supreme Court Rule 304(a):

"(a) If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from *a final judgment* as to one or more but fewer than all of the parties or claims *only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal.* Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. *In the absence of such a finding,* any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is

subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 110A, par. 304(a).

Here, neither the order from which the appeal is taken nor any other orders contained in the record on appeal include the special finding required by Rule 304(a). Accordingly, the order appealed from, although final as to the determination of temporary maintenance for respondent, is not appealable in the absence of a special finding. See *In re Marriage of Lentz*; *Gray v. ITT Thorp Corp.* (1979), 70 Ill. App. 3d 797, 388 N.E.2d 1151; *Brown v. Whipple* (1974), 16 Ill. App. 3d 850, 306 N.E.2d 899.

For the reasons stated, the appeal from the order entered November 21, 1979, is dismissed.

Dismissed.

SULLIVAN, P. J., and WILSON, J., concur.