(No. 57674.—

AMERICAN STRUCTURES, INC., Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Eugene Spivey, Appellant).

*Opinion filed December 1, 1983.*

August M. Mangoni, Ltd., of Chicago (August M. Mangoni and Louis G. Atsaves, of counsel), for appellant.

Rosenberg, Rosenberg, Bickes, Johnson & Richardson, Chartered, of Decatur (David L. Johnson, of counsel), for appellee.

JUSTICE WARD delivered the opinion of the court:

The claimant, Eugene Spivey, appeals to this court under Rule 302(a) (87 Ill. 2d R. 302(a)) from a judgment of the circuit court of Macon County, which reversed a decision of the Industrial Commission. The Commission had reinstated a petition of the claimant to review disability payments under section 19(h) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(h)). On *certiorari* the circuit court dismissed the petition on the ground that it was not timely filed. The claimant's contention is that the circuit court did not have jurisdiction to review the case.

A history of the case will be helpful to an understanding of the present dispute. On September 6, 1973, the claimant filed an application for adjustment of claim under the Workmen's Compensation Act (Ill. Rev. Stat.

1973, ch. 48, par. 138.1 *et seq.*) for injuries sustained on March 27, 1973, while he was employed by the respondent, American Structures, Inc. The arbitrator made an award for temporary total disability benefits, medical expenses, and permanent partial disability benefits representing a 25% disability of the left arm, a 20% disability of the right leg, and a 20% disability of the left leg.

On review, the Industrial Commission modified the award on March 22, 1976, increasing the award of medical expenses and the award for permanent partial disability of the left arm from 25% to 30%. American Structures, Inc., was granted *certiorari* to the circuit court, and on March 8, 1977, the circuit court remanded to the Commission to reduce the award for medical expenses by $1,320.10 and to vacate the awards for disabilities of the claimant's legs. (The record does not explain the extraordinary and deplorable delays in these proceedings.)

Without waiting for the Commission to act following the remandment by the circuit court, the claimant on March 17, 1977, filed a notice of appeal to this court. As the award had not been modified by the Commission as the circuit court had ordered, this court dismissed the appeal because there was no appealable order. See *Metropolitan Sanitary District v. Industrial Com.* (1967), 37 Ill. 2d 447, 449-50.

On October 19, 1978, claimant filed with the Commission a petition under section 19(h) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(h)), alleging increased disability of the claimant and seeking review of the award. (The filing of a petition under section 19(h) is independent of the original claim proceedings. See *Howard v. Industrial Com.* (1980), 81 Ill. 2d 50, 59-60.) The petition was dismissed for want of prosecution on May 18, 1979. On May 30, 1979, the claimant filed a second section 19(h) petition, which the

Commission dismissed on October 9, 1979, for want of jurisdiction. In the interim the Commission, on June 8, 1979, modified its award in compliance with the circuit court's remand order of March 22, 1976.

On July 3, 1980, the claimant filed a third section 19(h) petition, which on December 31, 1980, was also dismissed for want of jurisdiction. On January 27, 1981, the claimant filed a petition styled "Petition for Writ of Scrivener's Error" with the Commission. Hearings were held on March 25, 1981, and September 29, 1981, and on February 4, 1982, the Commission issued an order granting the petition and reinstating the section 19(h) petition. The Commission set a date for hearing on the petition.

The circuit court of Macon County granted *certiorari* on December 6, 1982, on the respondent's petition. The court dismissed the section 19(h) petition on the ground that it had not been filed within the time prescribed by section 19(h) (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(h)). The claimant appealed from the circuit court's order directly to this court. 87 Ill. 2d R. 302(a).

The claimant contends that the Commission's order reinstating the section 19(h) petition was interlocutory, and that therefore the circuit court could not acquire jurisdiction to review the order.

In considering whether the circuit court had jurisdiction, we would observe that this court has held consistently that interlocutory orders of the Industrial Commission are not reviewable by the circuit court. (*International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 185; *Metropolitan Sanitary District v. Industrial Com.* (1967), 37 Ill. 2d 447, 449.) Section 19(f)(1) of the Act gives jurisdiction to the circuit court to review decisions of the Industrial Commission by writ of *certiorari* (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f)(1)), and this court has interpreted this to mean that only fi-

nal determinations by the Commission are reviewable (*Metropolitan Sanitary District v. Industrial Com.* (1967), 37 Ill. 2d 447, 449; see also *International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 185).

Here the Commission's order basically granted the "Writ of Scrivener's Error," reinstated the section 19(h) petition, and set a date for a hearing on the section 19(h) petition. Clearly this was interlocutory and not a final determination of the petition's merits. No hearing was held on the petition before the circuit court granted *certiorari*. Thus, the circuit court was without jurisdiction to review the interlocutory order.

For the reasons given, the judgment of the circuit court of Macon County is vacated, and the cause is remanded to the Industrial Commission for further proceedings.

*Vacated and remanded.*