*In re* CUSTODY OF RONALD JEDYNAK, JR. (Ronald Jedynak, Petitioner-Appellee, *v.* Barbara Lawrecki (Jedynak), Respondent-Appellant).

First District (2nd Division)   No. 83—2697

Opinion filed April 10, 1984.

Victor Brown, of Legal Aid Bureau, of Chicago, for appellant.

Alan D. Hoffenberg and Jerome Marvin Kaplan, both of Chicago, for appellee.

JUSTICE STAMOS delivered the opinion of the court:
Respondent Barbara Lawrecki appeals from an order denying her motion to dismiss a petition to modify a child custody judgment on the grounds that modification is barred by the two-year limitation of

section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1981, ch. 40, par. 610(a)). We dismiss the appeal because there was no final order.

The minor whose custody is disputed in this case was born to respondent and petitioner Ronald Jedynak on April 12, 1979, and in September 1981 respondent filed a complaint to establish the paternity of the child. On January 19, 1982, a consent paternity judgment was entered in paternity court, which found petitioner to be the father of the child, granted custody to respondent and provided for child support and visitation.

On December 30, 1982, when the child was visiting petitioner in Chicago, petitioner obtained an *ex parte* order granting him temporary custody and setting the matter for a hearing. This order was vacated on January 12, 1983, and the child was ordered to remain with petitioner pending a full custody hearing.

On March 24, 1983, respondent moved to dismiss petitioner's petition as barred by section 610(a) of the IMDMA. Respondent's motion was denied and she appeals.

Before considering an appeal on its merits, it is our duty to determine whether the appeal has been properly taken so as to invoke our jurisdiction. (*In re Marriage of Zymali* (1981), 94 Ill. App. 3d 1145, 1147, 419 N.E.2d 487.) "[F]or an appellate court to have subject matter jurisdiction, an appeal must generally be taken from a final order which either terminates the litigation between the parties on the merits or disposes of the rights of the parties in regard to the entire controversy or some definite part thereof." (94 Ill. App. 3d 1145, 1147-48; see 87 Ill. 2d Rules 301, 304.) An order which leaves a cause still pending and undecided is not a final order. *In re Marriage of Zymali* (1981), 94 Ill. App. 3d 1145, 1148.

In the instant case, the appeal is from an order denying a motion to dismiss the petition to modify custody. Such an order is not final and appealable. (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 1021, 369 N.E.2d 188.) It did not dispose of the controversy or any definite part thereof and no determination as to the custody of the child was made. Therefore, the order is not final and appealable and we must dismiss the appeal.

Dismissed.

PERLIN and DOWNING, JJ., concur.