HONDA OF LISLE, a/k/a Volvo Sales and Service Center, Inc., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Thomas L. James, Appellee).

Second District (Industrial Commission Division)   No. 2—94—0513WC

Opinion filed February 7, 1995.

Gregory P. Sujack and Derek A. Storm, both of Garofalo, Hanson, Schrei-ber & Vandlik, Chartered, of Chicago, for appellant.

Ellis M. Sostrin and Neal K. Wishnick, both of Ellis M. Sostrin & Associ-ates, of Chicago, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Claimant Thomas James filed an application for an adjustment of his claim pursuant to the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 1992)). Claimant alleged that he injured his back and neck when he tripped over a hoist and fell while working as a mechanic for Honda of Lisle (Honda). He subsequently filed a peti-tion for immediate hearing under section 19(b—1) of the Act (820 ILCS 305/19(b—1) (West 1992)). The arbitrator found claimant's ac-cident arose out of and in the course of his employment and his condition of ill-being was causally connected to the accident. Claim-ant was awarded $38^1/7$ weeks of temporary total disability (TTD) benefits.

The Industrial Commission (the Commission) reviewed the evi-dence and found the conclusions of claimant's treating physician, as well as claimant's credibility, were "suspect." The Commission

concluded that claimant had sustained an accidental injury arising out of and in the course of his employment. However, it vacated the remainder of the arbitrator's decision "based upon the lack of a definitive myelogram or MRI proving causal connection." The Commission remanded the case to the arbitrator "to accept new evidence and provide both parties with an additional opportunity to prove or disprove causal connection." Honda sought review of the Commission's decision, but the circuit court dismissed for lack of jurisdiction. On appeal to this court, Honda contends the Commission did not have the authority to remand the case to the arbitrator for further proceedings. In response, claimant maintains the Commission's order was not improper and, as a consequence, argues that this appeal must be dismissed.

■ First, we must consider whether we have jurisdiction to review this appeal. The circuit court found the Commission's decision was interlocutory and therefore not subject to review. It is well settled that only final determinations of the Commission are reviewable. (*International Paper Co. v. Industrial Comm'n* (1984), 99 Ill. 2d 458, 459 N.E.2d 1353; *American Structures, Inc. v. Industrial Comm'n* (1983), 99 Ill. 2d 40, 457 N.E.2d 401.) Orders reversing and remanding awards of TTD benefits are not final. (See *Stockton v. Industrial Comm'n* (1977), 69 Ill. 2d 120, 370 N.E.2d 548 (order of circuit court reversing award of TTD benefits and remanding to Commission was not final and appealable).) A judgment is final if it determines the litigation on the merits. (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 429 N.E.2d 483.) An order which leaves a case pending and undecided is not a final order. (*In re Custody of Jedynak* (1984), 123 Ill. App. 3d 185, 462 N.E.2d 908.) In *International Paper*, the Commission reversed an arbitrator's decision and remanded the case for a rehearing on the question of a vocational rehabilitation award. The circuit court affirmed the Commission's ruling. On appeal, the supreme court stated:

> "In the case at bar, the Commission ordered the case remanded to the arbitrator. The case reached the circuit court, therefore, before administrative involvement in the case had been terminated. By its own terms, the decision of the Commission mandated further administrative proceedings. We find, therefore, that the decision of the Commission was not a final appealable determination. As such, the circuit court did not have jurisdiction to review the Commission decision." *International Paper*, 99 Ill. 2d at 465-66, 459 N.E.2d at 1357.

Similarly in this case, the Commission's order required further administrative proceedings and would not ordinarily be appealable.

However, Honda contends that the Commission was prohibited by section 19(e) of the Act from remanding this case to the arbitrator. (See 820 ILCS 305/19(e) (West 1992).) Honda argues that the Commission's order remanding the case was void. A void judgment may be attacked at any time, and in any court, either directly or collaterally. (*Eckel v. MacNeal* (1993), 256 Ill. App. 3d 292, 628 N.E.2d 741.) Therefore, we must determine whether the Commission was prohibited from remanding this case to the arbitrator.

■ Section 19(e) of the Act provides in relevant part:

> "*In all cases in which the hearing before the arbitrator is held after December 18, 1989, no additional evidence shall be introduced by the parties before the Commission on review of the decision of the Arbitrator.* In reviewing decisions of an arbitrator the Commission shall award such temporary compensation, permanent compensation and other payments as are due under this Act. The Commission shall file in its office its decision thereon, and shall immediately send to each party or his attorney a copy of such decision and a notification of the time when it was filed. Decisions shall be filed within 60 days after the Statement of Exceptions and Supporting Brief and Response thereto are required to be filed or oral argument whichever is later." (Emphasis added.) 820 ILCS 305/19(e) (West 1992).

The language emphasized above was added by amendment in 1989 (Pub. Act 86—998, § 1, eff. December 18, 1989). Prior to the amendment, section 19(e) provided for the introduction of additional evidence at the Commission's hearings when that evidence related to matters occurring after the arbitration hearing or which was not introduced at the arbitration hearing for good cause. (See Ill. Rev. Stat. 1989, ch. 48, par. 138.19(e).) Honda maintains that the change in the statute evidences a legislative intent to prohibit the Commission from remanding a case to the arbitrator to hear additional evidence. We disagree.

■ Words used in a statute are to be given their plain and commonly understood meaning. (*Bohannon v. Industrial Comm'n* (1992), 237 Ill. App. 3d 989, 606 N.E.2d 527.) Where the language of a statute is clear and unambiguous, the courts are obligated to enforce the law as enacted by the legislature. (See *Illinois-Iowa Blacktop, Inc. v. Industrial Comm'n* (1989), 180 Ill. App. 3d 885, 536 N.E.2d 1008.) While it is clear the parties may no longer introduce additional evidence before the *Commission*, it is equally clear that such a prohibition does *not* extend to the introduction of evidence before the *arbitrator*. Section 19(e) makes absolutely no reference to the taking of additional evidence before the arbitrator. Nor does the statute limit

in any way the Commission's power to remand the case to the arbitrator.

For the reasons indicated, we find the Commission's order remanding this cause to the arbitrator for the introduction of further evidence was not improper. Accordingly, because such an order is not final, this appeal is dismissed; and the cause is remanded to the arbitrator for further proceedings.

Appeal dismissed; cause remanded.

McCULLOUGH, P.J., and RAKOWSKI, COLWELL, and RARICK, JJ., concur.