BECHTEL GROUP, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Kenneth Pacholek, Appellee).

Second District   No. 2—98—1015WC

Opinion filed June 28, 1999.

Steven R. Scarlati, Jr., and Gregory P. Sujack, both of Garofalo, Schreiber & Hart, Chartered, of Chicago, for appellant.

Charles G. Haskins, Jr., of Cullen, Haskins, Nicholson & Menchetti, P.C., of Chicago, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent employer Bechtel Group, Inc., appeals from an order of the circuit court of Du Page County confirming the decision of the Industrial Commission (Commission) finding claimant Kenneth Pacholek had sustained an accidental injury arising out of and in the course of his employment on July 20, 1995. The arbitrator found that claimant failed to prove he sustained an injury arising out of and in the course of his employment.

■ Although the parties did not address the question of this court's jurisdiction in their briefs, they were directed to do so at oral argument. The Commission decision in this case remanded the proceeding to the arbitrator, purportedly pursuant to *Thomas v. Industrial Comm'n*, 78 Ill. 2d 327, 399 N.E.2d 1322 (1980). *Thomas* held that the arbitrator need not rule prematurely on the issue of permanency; the arbitrator can consider the evidence relating to temporary total dis-

ability (TTD) and make a TTD award; and the issue of permanency can be considered by the arbitrator later, upon remand. The fact the permanency will be considered later does not divest the Commission or the courts of jurisdiction to consider the propriety of the TTD award, since that had been finally determined. *Thomas*, 78 Ill. 2d at 332-35, 399 N.E.2d at 1324-25; 820 ILCS 305/19(b) (West 1996).

■ Section 19(b) provides in part:

"The Arbitrator may find that the disabling condition is temporary and has not yet reached a permanent condition and may order the payment of compensation up to the date of the hearing, which award shall be reviewable and enforceable in the same manner as other awards, and in no instance be a bar to a further hearing and determination of a further amount of temporary total compensation or of compensation for permanent disability, but shall be conclusive as to all other questions except the nature and extent of said disability." 820 ILCS 305/19(b) (West 1996).

Section 19(b) in conjunction with 50 Ill. Adm. Code § 7020.80 (1996) provides for interlocutory review of otherwise nonfinal orders. Section 19(b) specifically states that the "award shall be reviewable." We interpret section 19(b) in a *Thomas v. Industrial Comm'n* setting to mean that there must be a TTD award for the decision to be appealable.

■ In this case, there was a petition for immediate hearing before the arbitrator and for relief under sections 19(l), 19(k), and 16 of the Workers' Compensation Act (Act) (820 ILCS 305/19(l), 19(k), 16 (West 1996)). The request for hearing indicated claimant sought recovery of medical bills and TTD from July 20 to October 4, 1995, in addition to the relief under sections 19(l), 19(k), and 16. Respondent disputed that (1) the injury arose out of and in the course of his employment and (2) the claimant's condition of ill-being was causally connected to the injury. The arbitrator found no accidental injury arising out of and in the course of claimant's employment. The Commission stated the issue on review was whether claimant "sustained accidental injuries arising out of and in the course of his employment." The Commission found that claimant did sustain injuries arising out of and in the course of his employment and remanded the case to the arbitrator "for further proceedings consistent with this decision." The Commission did not make any award of benefits. The Commission further ordered that the remand would occur "only after the later of expiration of the time for filing a Petition for Summons to the Circuit Court has expired without the filing of such a Petition, or after the time of completion of any judicial proceedings if such a Petition has been filed."

On remand the arbitrator would have to determine (1) the reasonableness and necessity of medical, surgical, and hospital bills or services; (2) the amount of TTD due; (3) whether penalties should be imposed; and (4) the amount of credit due respondent. The Commission's decision was not final. *Honda of Lisle v. Industrial Comm'n*, 269 Ill. App. 3d 412, 414-16, 646 N.E.2d 318, 320-21 (1995) (an order of the Commission, affirming that portion of the arbitrator's decision finding an accident arising out of and in the course of claimant's employment but vacating the remainder of the arbitrator's decision and remanding to the arbitrator to allow the parties to present additional evidence, was interlocutory and not subject to review); see also *A.O. Smith Corp. v. Industrial Comm'n*, 109 Ill. 2d 52, 54, 485 N.E.2d 335, 336 (1985) (an order of the circuit court reversing and remanding an award to the Commission is interlocutory and not appealable); *Stockton v. Industrial Comm'n*, 69 Ill. 2d 120, 124, 370 N.E.2d 548, 550 (1977) (circuit court order affirming an award is appealable, but a circuit court order reversing an order and remanding is interlocutory and not appealable); *Moffat Coal Co. v. Industrial Comm'n*, 397 Ill. 196, 198-202, 73 N.E.2d 423, 425-26 (1947) (a circuit court order reversing on *certiorari* an order of the Commission suspending compensation was not a final order).

*Thomas* does not permit *carte blanche* judicial review of nonfinal decisions. Only final determinations of the Commission are appealable. *American Structures, Inc. v. Industrial Comm'n*, 99 Ill. 2d 40, 43-44, 457 N.E.2d 401, 403 (1983); *American Insulated Structures v. Industrial Comm'n*, 256 Ill. App. 3d 171, 174-75, 627 N.E.2d 1292, 1295 (1994). Since the circuit court cannot declare a nonfinal order to be reviewable (*Mayrath Co. v. Industrial Comm'n*, 33 Ill. 2d 224, 225, 210 N.E.2d 529, 530 (1965)), neither can the Commission. Because the circuit court was without jurisdiction, its order is vacated, and the cause is remanded to the arbitrator pursuant to the Commission's decision. See *American Structures*, 99 Ill. 2d at 44, 457 N.E.2d at 403. This does not foreclose respondent employer from seeking review of this ruling after the Commission reaches a final decision. *Metropolitan Sanitary District of Greater Chicago v. Industrial Comm'n*, 37 Ill. 2d 447, 450, 227 N.E.2d 762, 764 (1967).

In *A.O. Smith*, the supreme court elected not to dismiss the appeal because the facts were stipulated and the issue concerned the mathematical process to be applied by the Commission in calculating the amount of the award on remand. *A.O. Smith Corp.*, 109 Ill. 2d at 54-58, 485 N.E.2d at 336-38. This case is more like *Honda of Lisle*, even though the Commission in the case at bar did not direct the taking of additional evidence by the arbitrator. On remand, the arbitrator will

be required to make multiple findings, any one of which may lead to another appeal by one of the parties. Piecemeal appeals are to be discouraged.

For the foregoing reasons, the order of the circuit court is vacated, and the cause is remanded to the arbitrator pursuant to the Commission's decision for further proceedings.

Order vacated; cause remanded.

RAKOWSKI, COLWELL, HOLDRIDGE, and RARICK, JJ., concur.