2020 IL App (2d) 200217WC-U
No. 2-20-0217WC
Order filed December 7, 2020

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

Workers' Compensation Commission Division
_____

| | | |
|---|---|---|
| SERVICE DRYWALL & DECORATING, | ) | Appeal from the Circuit Court |
| | ) | of Kane County, Illinois |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-MR-886 |
| | ) | |
| THE ILLINOIS WORKERS' | ) | |
| COMPENSATION COMMISSION, *et al.,* | ) | Honorable |
| | ) | Kevin T. Busch, |
| (Hector Sanchez, Appellee). | ) | Judge, Presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Holdridge and Justices Hoffman, Hudson, and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The decision of the Commission remanding to the arbitrator for further proceedings on the issue of vocational rehabilitation was interlocutory and, thus, not final and appealable.

¶ 2    Respondent, Service Drywall & Decorating, appeals from the order of the circuit court of Kane County confirming a decision of the Illinois Workers' Compensation Commission (Commission), which awarded claimant, Hector Sanchez, certain benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2018)) and remanded the matter to the

arbitrator for further proceedings on the issue of vocational rehabilitation, as well as issues relating to additional amounts of temporary total compensation or compensation for permanent disability, if any, pursuant to *Thomas v. Industrial Comm'n*, 78 Ill. 2d 327 (1980). On appeal, respondent argues that the Commission's decision was against the manifest weight of the evidence. For the following reasons, we are unable to reach the merits of this appeal.

¶ 3                                                    I. BACKGROUND

¶ 4      On October 8, 2015, claimant filed an application for adjustment of claim pursuant to the Act (820 ILCS 305/1 *et seq.* (West 2014)), seeking benefits for an injury he allegedly sustained on December 5, 2014, while in the employ of respondent. On June 19, 2017, the claim proceeded to an arbitration hearing under section 19(b) of the Act (820 ILCS 305/19(b) (West 2016)). All issues were presented for determination, including causation, reasonable and necessary medical expenses, temporary total disability (TTD) benefits, and vocational rehabilitation. Because we are unable to reach the merits of respondent's arguments on these issues, we find it unnecessary to recite the evidence adduced at the hearing.

¶ 5      Following the hearing, the arbitrator issued a written decision on August 2, 2017, finding that claimant's current condition of ill-being was causally related to the December 5, 2014, work accident. The arbitrator awarded claimant TTD benefits, reasonable and necessary medical expenses, and vocational rehabilitation. Respondent sought review of the arbitrator's decision before the Commission.

¶ 6      On July 9, 2019, the Commission issued a unanimous decision and opinion on review, which modified the arbitrator's decision, in part. Specifically, the Commission vacated the arbitrator's award of vocational rehabilitation, finding that claimant had not shown that vocational rehabilitation would increase his earning capacity. The Commission, instead, ordered a vocational

rehabilitation assessment and remanded the matter to the arbitrator "for further proceedings based upon the outcome of the same." The Commission otherwise affirmed and adopted the arbitrator's decision and remanded the case to the arbitrator for further proceedings on issues relating to additional amounts of TTD benefits or permanent disability, if any, pursuant to *Thomas*, 78 Ill. 2d 327. The Commission's decision provided that the remand would take place "only after the latter of expiration of the time for filing a written request for Summons to the Circuit Court has expired without the filing of such a written request, or after the time of completion of any judicial proceedings, if such a written request has been filed." Respondent sought judicial review of the Commission's decision in the circuit court of Kane County.

¶ 7    On February 14, 2020, the circuit court entered an order confirming the Commission's decision. The court also remanded the matter to the Commission for further findings on other issues, including vocational rehabilitation and permanency. Respondent filed a timely notice of appeal.

¶ 8                                    II. ANALYSIS

¶ 9    Although neither party raises the issue of the circuit court's jurisdiction, "this court is required to do so *sua sponte*, for if the circuit court lacked subject matter jurisdiction, then its orders are void and of no effect." *Supreme Catering v. Illinois Workers' Compensation Comm'n*, 2012 IL App (1st) 111220WC, ¶ 7 (citing *Rojas v. Illinois Workers' Compensation Comm'n*, 406 Ill. App. 3d 965, 970 (2010)). It is well settled that "[o]nly final determinations of the Commission are appealable." *Bechtel Group, Inc. v. Industrial Comm'n*, 305 Ill. App. 3d 769, 772 (1999). A judgment is considered final if "it determines the litigation on the merits, and it is not final if the order leaves a case pending and undecided." *Supreme Catering*, 2012 IL App (1st) 111220WC, ¶ 8 (citing *Honda of Lisle v. Industrial Comm'n*, 269 Ill. App. 3d 412, 414 (1995)). "In determining

whether a decision of the Commission is final, the question to be decided is whether administrative involvement in the case has been terminated or the Commission has ordered further administrative proceedings." *Supreme Catering*, 2012 IL App (1st) 111220WC, ¶ 8 (citing *International Paper Co. v. Industrial Comm'n*, 99 Ill. 2d 458, 465-66 (1984)).

¶ 10    In *International Paper*, 99 Ill. 2d at 459, the arbitrator awarded the claimant both TTD and permanent partial disability (PPD) benefits. On review, the Commission reversed the arbitrator's PPD award, finding that the claimant's condition had not yet reached a state of permanency. *Id*. In addition, the Commission increased the TTD award and concluded that the claimant was entitled to medical expenses, as well as vocational rehabilitation. *Id*. The Commission also remanded the matter to the arbitrator for further determination on the issue of a vocational rehabilitation. *Id*. The circuit court subsequently confirmed the Commission's decision. *Id.* Our supreme court, in an effort to prevent "piecemeal review" of decisions of the Commission, vacated the judgment of the circuit court and remanded the matter to the arbitrator, holding that decisions of the Commission "which include generalized rehabilitation awards that require further determination as to the extent and nature of such rehabilitation are interlocutory and, therefore, not reviewable by the circuit court." *Id.* at 466.

¶ 11    In *Supreme Catering*, 2012 IL App (1st) 111220WC, ¶ 3, the arbitrator denied the claimant's request for benefits under the Act, finding that the claimant failed to prove the existence of an employer-employee relationship. On review, the Commission reversed the arbitrator's decision, finding the existence of an employer-employee relationship, and awarded the claimant TTD benefits, along with reasonable and necessary medical expenses. *Id.* ¶ 4. The Commission also "remanded to the arbitrator for a determination of the claimant's need for vocational rehabilitation, his need for maintenance, and his need for further treatment, as well as the nature

and extent of his permanent disability, purportedly pursuant to *Thomas* \*\*\*." *Id.* ¶ 9. In addition, the Commission's decision "provided that the remand would take place 'only after the latter of expiration of the time for filing a written request for Summons to the Circuit Court has expired without the filing of such a written request, or after the time of completion of any judicial proceedings, if such a written request has been filed.' " *Id.* On appeal, the court concluded that the Commission's decision was not final and appealable because the Commission's remand for a determination of the need for vocational rehabilitation required further administrative proceedings and, thus, the circuit court lacked jurisdiction on review. *Id.* ¶ 19.

¶ 12    Here, the Commission vacated the arbitrator's award of vocational rehabilitation, finding that claimant had not shown that vocational rehabilitation would increase his earning capacity. The Commission, instead, ordered a vocational rehabilitation assessment and, similar to *International Paper* and *Supreme Catering*, remanded the matter to the arbitrator "for further proceedings based upon the outcome of the same." Because the Commission's decision, by its own terms, mandated further administrative proceedings on the issue of vocational rehabilitation, it was not a final appealable order. We note that the Commission, here, as in *Supreme Catering*, also remanded the matter to the arbitrator for further proceedings on issues involving temporary or permanent compensation, if any, pursuant to *Thomas*, 78 Ill. 2d 327, and provided that its remand would become effective only after judicial review. As the court correctly noted in *Supreme Catering*, the Commission's reference to *Thomas*, coupled with the provision that its remand order would become effective only after judicial review, created the appearance that its decision was appealable; however, *Thomas* does not permit " '*carte blanche* judicial review of nonfinal decisions' " and "the Commission cannot, by the terms of its order, 'declare a nonfinal order to be

reviewable.' " *Supreme Catering*, 2012 IL App (1st) 111220WC, ¶ 10 (quoting *Bechtel Group, Inc.*, 305 Ill. App. 3d at 772).

¶ 13     Therefore, we conclude that the decision of the Commission was interlocutory and not reviewable by the circuit court. Consequently, the circuit court lacked jurisdiction on review.

¶ 14                                    III. CONCLUSION

¶ 15     For the foregoing reasons, we vacate the order of the circuit court of Kane County confirming the Commission's decision and remand the cause to the arbitrator for further proceedings.

¶ 16     Vacated and remanded.