(No. 52175

CLARENCE E. THOMAS, Appellant, v. THE INDUSTRIAL COMMISSION (The Levy Company, Appellee).

*Opinion filed January 23, 1980.*

328

Peter Francis Geraci, of Chicago, for appellant.

Kane, Doy & Harrington, of Chicago (Arthur O. Kane, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In proceedings under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*) an arbitrator for the Industrial Commission found that claimant, Clarence Thomas, was disabled as a result of accidental injuries sustained while he was employed by respondent, The Levy Company. The arbitrator awarded

claimant compensation of $244 per week for a period of eight weeks for temporary total incapacity, and further found that claimant had failed to prove that he sustained any permanent disability. On review, without submission of additional evidence by either party, the Commission affirmed the arbitrator's decision. On *certiorari,* the circuit court of Cook County confirmed the decision of the Industrial Commission, and claimant appealed to this court pursuant to Rule 302(a) (58 Ill. 2d R. 302(a)). Claimant contends that the arbitrator exceeded his authority under section 19(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(b)) by entering a finding on the issue of permanent disability, and that respondent's failure to introduce impeaching evidence in rebuttal, the foundation for which was laid on cross-examination, is reversible error requiring a remand on the issue of temporary total disability.

On July 6, 1977, claimant was employed as a dry wall taper for respondent. In the course of performing his duties, it became necessary for claimant to obtain additional materials from respondent's material trailer. The bed of this trailer was approximately 3½ feet to 4 feet above the road surface. Respondent had supplied a pallet (a portable platform, usually double-faced, on which materials are stacked for storage or transportation, as in a warehouse), to be used as a ladder, for entering and exiting the trailer. Claimant gathered the materials needed and started down the pallet carrying a 25-pound bag of taping cement under each arm. As claimant stepped on the pallet, the pallet gave way, causing him to fall to the ground and sustain injury to both knees when he hit the gravel road. He returned to his job site, notified his supervisor of the injury, and continued to work as scheduled through the morning of July 8, 1977. At noon on July 8, claimant left his job to consult his family physician, Dr. George Graham. Claimant did not return to work. Dr. Graham treated claimant conservatively for

approximately four weeks. On August 8, 1977, claimant was hospitalized for a stomach disorder. While in the hospital, claimant continued to complain of pain in his knees. He remained hospitalized through August 26, 1977.

Respondent paid claimant temporary total disability payments through September 30, 1977, at which time the payments were discontinued. On October 5, 1977, claimant filed a claim with the Industrial Commission and, on October 12, a petition to advance his cause for hearing. Claimant alleged in his petition that respondent had discontinued payment of temporary total compensation on September 30, 1977, that claimant was without funds to support his family, and that he was prevented from working as a result of injuries sustained in his employment as evidenced by a copy of his physician's report attached to the petition. On November 22, 1977, claimant filed another petition requesting an immediate hearing of his cause. Claimant alleged in this petition that he was disabled as a result of an injury sustained in his employment, that he was currently under the care of a physician and that, despite demands, respondent had discontinued the payment of temporary total compensation. The relief sought by claimant was an order advancing his cause for immediate hearing on the issue of temporary total compensation. The Commission advanced the cause for an immediate hearing on the basis of this petition. In the proceedings before the arbitrator, the parties stipulated, in addition to certain facts and issues not relevant to this appeal, that the issues in dispute were "the amount of additional temporary compensation to which petitioner is entitled, if any, and the nature and extent of the injury, if any."

Claimant testified at the hearing that he was currently under the care of a physician, that he continued to experience pain in his legs and back, and that he was unable to stand for extended periods of time as required

by his employment. The medical reports introduced into evidence by claimant, the reports of two treating physicians, concluded that claimant was currently unable to return to work. These reports expressed no opinion on the issue of permanent disability.

Respondent introduced into evidence the reports of his examining physicians, both concluding that claimant was currently ready to return to work, stating further that there was no evidence of any residual impairment to claimant's knees. In addition, respondent introduced into evidence the report of a consulting orthopedist who examined claimant while he was hospitalized in August 1977. This report concluded that his current condition was unrelated to the fall from the trailer. Respondent also introduced records of claimant's prior hospitalizations. His first hospitalization was in 1970 for the treatment of blunt trauma injuries to claimant's neck, stomach, and back. His second hospitalization was for tonsilitis in 1976.

The first issue presented to this court is the scope of the proceedings before the arbitrator, specifically, the validity of the arbitrator's finding on the issue of permanent disability. Both claimant and respondent rely upon section 19(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(b)) to resolve this issue. The section provides:

> "The Arbitrator or committee of arbitration may find that the disabling condition is temporary and has not yet reached a permanent condition and may order the payment of compensation up to the date of the hearing, which award shall be reviewable and enforceable in the same manner as other awards, and in no instance be a bar to a further hearing and determination of a further amount of temporary total compensation or of compensation for permanent disability, but shall be conclusive as to all other questions except the nature and extent of said disability."

Claimant contends that the arbitrator is precluded by this

provision from entering a finding on the issue of permanent disability in what claimant characterizes as a "19(b)" proceeding. Respondent contends that this provision vests the arbitrator with the discretion to enter any finding supported by the manifest weight of the evidence. We do not find this provision dispositive of the issue presented. It is clear that section 19(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(b)) allows the arbitrator to refrain from ruling prematurely on the issue of permanent disability, but this presumes that the issue is properly before the arbitrator.

In the present case, the proceeding before the arbitrator was conducted pursuant to claimant's petition for an immediate hearing. Claimant alleged in his petition that he was disabled as a result of an injury sustained while working, that he was currently under the care of a physician, and that despite demands, respondent had discontinued payment of temporary total disability benefits. Claimant made no allegation related to permanent disability. The relief sought by claimant was an order advancing his cause for an immediate hearing *solely* on the issue of temporary total compensation. We cannot agree with respondent that there was no indication in the record that claimant was proceeding on the limited issue of temporary total compensation.

At the proceeding before the arbitrator, the parties entered into a stipulation of the type commonly used in compensation proceedings to expedite the hearing of the claim. The parties agreed that the issues in dispute were "the amount of temporary compensation to which petitioner is entitled, if any, and the nature and extent of the injury, if any." Respondent does not suggest, nor do we find, that the stipulation tendered the issue of permanent disability. In the absence of a stipulation to the contrary, the nature and extent of claimant's injury are in issue in every compensation case. The stipulation must be construed in relation to claimant's petition

for immediate hearing, and that petition limited the arbitrator to the issue of temporary disability. We therefore find that the only issue presented by the stipulation was whether claimant was temporarily totally disabled.

Support for our conclusion is also found in the fact that claimant introduced evidence only on the issue of temporary disability. At the hearing before the arbitrator, claimant introduced the reports of two treating physicians which concluded that claimant was currently unable to return to work. These reports expressed no opinion related to the issue of permanent disability. The medical summaries introduced by respondent concluded that claimant was able to return to work, and stated further that there was no evidence of residual impairment. Respondent cannot unilaterally broaden the scope of the proceeding before the arbitrator by introducing evidence unrelated to issues presented in claimant's petition for immediate hearing. For the reasons stated, we find that the issue of permanent disability was not presented to the arbitrator and the finding on this issue is therefore null and void.

In reaching the conclusion that claimant may limit the scope of the hearing to the issue of temporary total disability, we find persuasive the fact that subsequent to the proceedings in the case, the Commission, pursuant to the rule-making authority vested in it by section 16 of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.16), has promulgated a rule specifically authorizing this procedure. The rule provides:

> "By agreement of the parties, a cause on the arbitration call may be advanced to an earlier date for hearing, including a date earlier than the first fixed by the Commission. In the event that the parties do not agree, the Commission in its discretion may advance the cause upon a hearing had on the petition of either side where good cause is shown that the case merits an immediate hearing.
>
> Petitioner alleging that (1) he is unable to work because of a disability compensable under the Illinois

Workmen's Compensation Act or Illinois Occupational Diseases Act, and (2) he is not receiving temporary total disability or medical benefits to which he is entitled, shall file a Petition for Immediate Hearing on an appropriate form provided by the Commission. Said petition shall set forth (1) a description of the attempts by parties or counsel to resolve the dispute requiring an immediate hearing, including the name of the representative of the opposing party with whom the Petitioner or his attorney conferred, the date of the conference, and the result of the conference; and (2) a statement that a signed physician's report of recent date relating to the employee's current inability to return to work, or a description of such other evidence of temporary total disability as is appropriate under the circumstances, has been delivered to the Respondent. ***" (Rules Governing Practice Before The Industrial Commission Under The Workmen's Compensation And Occupational Diseases Act, Rule 2—6 (1978).)

The remedial purpose of this summary procedure is to allow a claimant, in the event that the parties disagree and upon good cause shown, to proceed immediately on the issue of temporary total disability, avoiding the burden of preparing the entire case.

The second issue presented to this court is whether respondent's failure to introduce contradicting evidence, the foundation for which was laid upon cross-examination, is reversible error requiring us to set aside the arbitrator's finding on temporary disability. Claimant does not contend that the arbitrator's award of eight weeks compensation for temporary disability is contrary to the manifest weight of the evidence.

On cross-examination, respondent questioned claimant concerning claimant's participation in a decorating business, Thomas Decorating Service, conducted by claimant with his brother. Claimant admitted his involvement in the business, stating that he did side jobs in addition to his work for respondent, but denied having worked with his brother since his fall from respondent's trailer. Respondent further questioned claimant concerning prior

injuries to his knees, specifically, injuries resulting in claimant's hospitalization for five days at Jackson Park Hospital in April 1977. Claimant denied any previous injuries to his knees and denied the specific hospitalization to which respondent had referred.

On redirect examination, claimant testified that he had not worked with his brother subsequent to the fall from respondent's trailer. Claimant further testified that he had not sustained previous injuries to his knees, nor had he been hospitalized in April.

Respondent failed to introduce contradicting evidence on either of these matters. Claimant did not move to strike the questions related to these matters when it became clear that respondent would not produce contradicting evidence.

We agree with claimant that respondent's failure to introduce contradicting evidence, the foundation for which was laid upon cross-examination, is error. The purpose of this practice is to substitute insinuation for the proof required to sustain respondent's charges.

We do not agree, however, that the decision of the arbitrator must be reversed. The arguments now made for the first time on appeal, including claimant's arguments related to questions concerning settlement negotiations, prior injuries, and interference with claimant's redirect examination, were waived by claimant's failure to raise them before the arbitrator. (*Forrest v. Industrial Com.* (1979), 77 Ill. 2d 86, 92.) Claimant should have made a motion to strike respondent's questions related to these matters when it became apparent that respondent could not introduce contradicting evidence. (*People ·v. Nuccio* (1969), 43 Ill. 2d 375, 394.) Furthermore, in the absence of some indication to the contrary, it will be presumed that an arbitrator considers only competent and proper evidence in reaching his decision. While there are limits to the presumption that the arbitrator is immune to prejudicial insinuation, we find after consideration of the

record that the arbitrator's decision on the issue of temporary total compensation is not against the manifest weight of the evidence.

The decision of the circuit court is affirmed on the issue of temporary total disability, and reversed on the issue of permanent disability, and the cause remanded to the Industrial Commission for further proceedings on the issue of permanent disability.

*Affirmed in part and reversed in part; cause remanded.*