(No. 56772.-

VIRGIL HAGGARD, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Butternut, Appellee).

*Opinion filed March 25, 1983.*

Warren E. Danz, P.C., of Peoria (Richard G. Leiser, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Rex K. Linder and John Lesaganich, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Virgil Haggard, suffered accidental injuries arising out of and in the course of his employment by respondent, Butternut, and awarded him temporary total disability benefits of $213.33 per week for 10⁴/₇ weeks. The arbitrator, pursuant to section 19(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(b)), found that the disabling condition was temporary and had not reached a permanent condition. The arbitrator also awarded $1,867.60 in penalties under sections 19(k) and 19(l) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, pars. 138.19(k), (l)). On review, the Industrial Commission set aside the award of

temporary total disability benefits and penalties, and remanded the cause to the arbitrator for further proceedings. On *certiorari*, the circuit court of Peoria County confirmed the Commission's decision. Petitioner appealed. 87 Ill. 2d R. 302(a).

Petitioner was employed as a sanitation worker. On July 4, 1980, while pulling an 850-pound cart, he felt a rip or tear in his back. On July 7, 1980, petitioner consulted Dr. Dickerson, a chiropractor, who released him for light duty. Petitioner's supervisor would not permit him to work under that restriction, and the next day Dr. Dickerson released him for regular duty. Petitioner performed his regular duties until July 31, 1980.

Because of petitioner's complaints of pain, at respondent's request petitioner, on August 1, 1980, was examined by Dr. Van Cura, who found him able to work. On August 13, 1980, petitioner consulted a neurosurgeon, Dr. Holden, who found him unable to work.

Following the arbitration hearing on September 19, 1980, at the request of respondent, petitioner was examined by Dr. Adams, a specialist in rehabilitative medicine. His deposition was read in evidence in the hearing on review. Dr. Adams concluded that petitioner's back was normal and that he was able to work. On review, Dr. Richard A. Flores, to whom petitioner had been referred by Dr. Holden, testified by deposition that petitioner was unable to work. The order of the Industrial Commission on review included the following findings of fact and conclusions of law:

"1. Petitioner was a 24 year old sanitation worker. He was injured on July 4, 1980 while attempting to stop a loaded cart which was rolling away from him.

2. Based on the evidence from Petitioner's doctor, Dr. Dickerson and Respondent's doctor, Dr. Van Cura, Petitioner was not totally disabled from work as a result of his accident of July 4, 1980, but was able to do light work on July 7, 1980, and regular work on July 8, 1980.

3. There is no evidence to indicate that the symptoms of upper left flank pain, specifically found by Dr. Holden in August 1980 were causally related to the accident of July 4, 1980.

Based on the above, the Commission finds that the Petitioner failed to prove he was temporarily totally disabled as a result of the accident of July 4, 1980 or entitled to additional compensation under §§19(k) and 19(1) and remands this case to the arbitrator for further proceedings pursuant to *Thomas v. Industrial Commission,* 78 Ill. 2d 327, 399 N.E.2d 1322 (1980)."

Petitioner contends that the second and third findings of the Commission were against the manifest weight of the evidence. In regard to the second finding, petitioner contends that Dr. Dickerson rescinded his original finding that petitioner was able to work on July 8, 1980, and that it was contradicted by Dr. Holden's testimony. In regard to the third finding, petitioner argues that the testimony of Dr. Holden, a neurosurgeon, established a causal connection.

Citing *Quick v. Industrial Com.* (1972), 53 Ill. 2d 46, petitioner contends the arbitrator's award should be reinstated. In *Quick,* the Commission allowed the employee compensation for temporary total disability for the period of time during which he was hospitalized for surgery due to a work-related accident but denied the arbitrator's award of medical expenses for the surgery. The circuit court found this result to be inconsistent and against the manifest weight of the evidence, and this court affirmed. Here, the findings of the Commission are not inconsistent, and *Quick* is, therefore, distinguishable.

This court has held repeatedly that the decision of the Industrial Commission will not be disturbed unless it is against the manifest weight of the evidence. On this record, we are unable to say that the decision of the Industrial Commission is against the manifest weight of the evidence, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*