HELP AT HOME, Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Patty Lackscheide, Appellee).

Fourth District   No. 4—09—0977WC

Argued October 28, 2010.—Opinion filed November 16, 2010.

Michael J. Holt and Stephen J. Klyczek (argued), both of Hennessy & Roach, P.C., of Springfield, for appellant.

John V. Boshardy and Matthew Clarke (argued), both of John V. Boshardy & Associates, P.C., of Springfield, for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The claimant, Patty Lackscheide, filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2006)), seeking benefits for injuries she allegedly received while in the employ of Help At Home (Help). Following a hearing held pursuant to section 19(b) of the Act (820 ILCS 305/19(b) (West 2008)), an arbitrator found that the claimant sustained injuries

to her low back and right shoulder arising out of and in the course of her employment with Help on December 14, 2007. The arbitrator awarded the claimant 5³/₇ weeks of temporary total disability (TTD) benefits, covering December 19, 2007, and the period from January 2, 2008, through February 8, 2008. In addition, the arbitrator ordered Help to pay $5,526.06 for medical services rendered to the claimant and to authorize certain prospective medical treatment.

Help filed a petition for review of the arbitrator's decision before the Illinois Workers' Compensation Commission (Commission). In a unanimous decision, the Commission found that the claimant "failed to prove that her condition of ill-being as it pertains to her right shoulder is causally connected to the accident on December 14, 2007," and otherwise affirmed and adopted the arbitrator's decision. In addition, the Commission remanded the matter to the arbitrator pursuant to *Thomas v. Industrial Comm'n*, 78 Ill. 2d 327, 399 N.E.2d 1322 (1980), and specifically provided that "on remand, the Arbitrator may consider any additional evidence with respect to the causal connection of the right shoulder to the accident."

Thereafter, Help filed a petition for judicial review of the Commission's decision in the circuit court of Morgan County. The circuit court confirmed the Commission's decision, finding that the Commission "did have authority under the facts of the case to remand the case to the arbitrator for the purpose of considering additional evidence with respect to the causal connection of the right shoulder." This appeal followed.

Help argues that the circuit court erred, as a matter of law, in confirming that part of the Commission's decision which provides that, on remand, the arbitrator may consider additional evidence relating to a causal connection between the claimant's work accident of December 14, 2007, and her right-shoulder injury. We agree.

■ "Under the law-of-the-case doctrine, a court's unreversed decision on an issue that has been litigated and decided settles the question for all subsequent stages of the action." *Ming Auto Body/Ming of Decatur, Inc. v. Industrial Comm'n*, 387 Ill. App. 3d 244, 252, 899 N.E.2d 365 (2008). The principles underlying the doctrine apply to matters resolved in proceedings before the Commission. *Weyer v. Illinois Workers' Compensation Comm'n*, 387 Ill. App. 3d 297, 307, 900 N.E.2d 360 (2008); *Irizarry v. Industrial Comm'n*, 337 Ill. App. 3d 598, 606-07, 786 N.E.2d 218 (2003).

■ In this case, the arbitrator specifically found that the claimant's "low back and right shoulder injury are causally related to the work accident of December 14, 2007." On review, the Commission found that the claimant "failed to prove that her condition of ill-being as it

pertains to her right shoulder is causally connected to the accident on December 14, 2007." The claimant never sought a judicial review of the Commission's determination in this regard. The determination, thus, became the law of the case, and the claimant is barred from raising the issue of a causal connection between her right shoulder injury and the accident on December 14, 2007, during any further proceedings on remand. We conclude, therefore, that the circuit court erred, as a matter of law, in confirming that part of the Commission's decision which provides that, on remand, the arbitrator may consider additional evidence relating to a causal connection between the claimant's work accident of December 14, 2007, and her right-shoulder injury. Consequently, we: reverse that portion of the circuit court's order finding that the Commission had the authority to remand the case to the arbitrator for the purpose of considering additional evidence with respect to a causal connection between the claimant's right-shoulder injury and her accident of December 14, 2007, and affirm the circuit court's judgment in all other respects; vacate that portion of the Commission's decision holding that, on remand, the arbitrator may consider additional evidence with respect to the causal connection of the right shoulder to the accident; and remand the cause to the Commission for further proceedings.

Affirmed in part and reversed in part, Commission's decision vacated in part, and cause remanded to the Commission.

McCULLOUGH, P.J., and HUDSON, HOLDRIDGE, and STEWART, JJ., concur.