# Illinois Official Reports

## Appellate Court

*Matuszczak v. Illinois Workers' Compensation Comm'n,*
**2014 IL App (2d) 130532WC**

| | |
|---|---|
| Appellate Court Caption | WALTER MATUSZCZAK, Appellee, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Wal-Mart, Appellant). |
| District & No. | Second District<br>Docket No. 2-13-0532WC |
| Filed<br>Modified upon<br>denial of rehearing | September 30, 2014<br><br>December 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings arising from an arbitrator's award of temporary total disability benefits to claimant for the injuries he suffered while stocking shelves at his employer's store, the Workers' Compensation Commission's vacation of the award of TTD based on the termination of claimant's employment for stealing cigarettes was properly reversed by the trial court and the benefits were reinstated, since the record showed claimant had not yet reached maximum medical improvement, his condition had not yet stabilized and he was entitled to TTD benefits, and his right to those benefits was completely separate from and could not be conditioned on the propriety of his termination for stealing cigarettes, regardless of whether he was discharged for cause. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 12-MR-1631; the Hon. Bonnie M. Wheaton, Judge, presiding. |
| Judgment | Judgment affirmed and arbitrator's award reinstated; cause remanded. |

| Counsel on Appeal | Catherine M. Levine and Justin T. Schooley, both of Wiedner & McAuliffe, Ltd., of Chicago, for appellant. |
| --- | --- |
| | Stephen J. Smalling, of Capron & Avgerinos, P.C., of Chicago, for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Hoffman, Hudson, and Stewart concurred in the judgment and opinion. Presiding Justice Holdridge specially concurred, with opinion. |

**OPINION**

¶ 1    On March 26, 2010, claimant, Walter Matuszczak, filed an application for adjustment of claimant pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 to 30 (West 2008)), seeking benefits from the employer, Wal-Mart. Following a hearing, the arbitrator determined claimant sustained accidental injuries that arose out of and in the course of his employment on March 7, 2010, and awarded him (1) $23^2/_7$ weeks' temporary total disability (TTD) benefits from June 13 to November 22, 2011; (2) $14,227.41 in medical expenses; and (3) prospective medical expenses in the form of a surgical procedure recommended by one of claimant's doctors.

¶ 2    On review, the Illinois Workers' Compensation Commission (Commission) vacated the arbitrator's TTD award but otherwise affirmed and adopted his decision. On judicial review, the circuit court of Du Page County reversed the portion of the Commission's decision that vacated the arbitrator's TTD award. The employer appeals, arguing the Commission correctly determined claimant was not entitled to TTD after June 12, 2011, the date of his for-cause termination from employment. We affirm the circuit court's judgment, reversing the portion of the Commission's decision that vacated the arbitrator's award. We reinstate the arbitrator's TTD award and remand to the Commission for further proceedings pursuant to *Thomas v. Industrial Comm'n*, 78 Ill. 2d 327, 399 N.E.2d 1322 (1980).

¶ 3                                    I. BACKGROUND

¶ 4    At arbitration, claimant testified he worked for the employer for over three years as a full-time night stocker. His job duties included taking 5- to 100-pound boxes off skids and neatly placing products in proper areas. On March 7, 2010, claimant injured his neck, back, and right arm at work when several fully stocked shelves of glass cleaner fell on top of him.

¶ 5    On March 9, 2010, claimant began seeking medical care. Thereafter, he received conservative treatment from various providers and was consistently given modified-duty work restrictions. Following his accident, claimant returned to work for the employer in a light-duty capacity. On May 23, 2011, claimant saw Dr. Mark Lorenz, who recommended surgery on claimant's cervical spine.

¶ 6    Claimant testified, on June 12, 2011, he was terminated from his employment for an incident unrelated to his work injury. Thereafter, claimant remained unemployed. On cross-examination claimant agreed that, at the time of his termination, he prepared a handwritten statement acknowledging that he stole cigarettes from the employer on June 3, 2011, and on a "couple of days" in May 2011. He agreed that, at the time he took the cigarettes, he understood that stealing is a crime and stealing from his employer could result in termination. Further, claimant acknowledged that, had he not stolen cigarettes, he might still have been working for the employer in a light-duty capacity at the time of arbitration. Claimant asserted he had looked for work within his light-duty restrictions but had not been successful.

¶ 7    On January 25, 2012, the arbitrator issued his decision in the matter. As stated, he determined claimant sustained accidental injuries that arose out of and in the course of his employment on March 7, 2010, and awarded him (1) $23^2/_7$ weeks' TTD benefits; (2) $14,227.41 in medical expenses; and (3) prospective medical expenses in the form of the surgery recommended by Dr. Lorenz. The arbitrator's TTD award extended from June 13, 2010, the day after claimant was terminated from his employment for stealing, to November 22, 2011, the date of the arbitration hearing. With respect to TTD, the arbitrator noted claimant was subject to light-duty restrictions that were being accommodated by the employer at the time of his termination, he did not return to work after being terminated, and claimant testified that he tried looking for work within his restrictions. He further stated as follows:

> "In *Interstate Scaffolding Inc. v. Illinois Workers' Compensation Commission*, 236 Ill[.] 2d 132, 923 N.E.2d 266 (2010), the court found that the employer was obligated to pay TTD benefits even when the employee has been discharged, whether or not the discharge was for cause, and that when an injured employee has been discharged by his employer the inquiry for deciding his entitlement to TTD benefits remains, as always, whether the claimant's condition has stabilized. More to the point, the court noted that if the injured employee is able to show that he continues to be temporarily totally disabled as a result of his work[-]related injury, the employee is entitled to these benefits."

The arbitrator based his TTD award on findings that claimant had "remained under the same light[-]duty restrictions imposed at the time of his termination." Further, he determined claimant's condition had not stabilized at the time of arbitration and claimant had not reached maximum medical improvement (MMI).

¶ 8    On October 5, 2012, the Commission vacated the arbitrator's award of $23^2/_7$ weeks' TTD benefits but otherwise affirmed and adopted his decision. It noted that a claimant's benefits may be terminated or suspended if he refuses work within his physical restrictions and agreed with the employer's position that claimant's theft of cigarettes from the employer, coupled with claimant's knowledge that his theft could lead to termination, constituted a refusal of work within his physical restrictions by claimant. The Commission further stated as follows:

> "We do not believe the *Interstate Scaffolding* court was proscribing all use of discretion in cases involving employment termination; rather, as stated previously, we believe the court was rejecting an analysis of the propriety of the discharge and rejecting an automatic suspension or termination of [TTD] benefits in cases involving employment termination."

¶ 9    On April 23, 2013, the circuit court of Du Page County reversed the portion of the Commission's decision that vacated the arbitrator's TTD award.

¶ 10    This appeal followed.

¶ 11                                  II. ANALYSIS

¶ 12    On appeal, the employer argues the Commission's finding that claimant was not entitled to TTD benefits following his June 2011 termination from employment was neither contrary to law nor against the manifest weight of the evidence. It maintains that, although *Interstate Scaffolding* prohibits the *automatic* suspension or termination of TTD benefits when a claimant is fired for reasons unrelated to his injury, it does "not proscribe all use of discretion [by the Commission] when deciding whether an employer remains liable for TTD" following an employee's discharge. Thus, the employer contends the Commission was free to exercise its discretion in the instant case to determine that claimant's decision to steal from the employer when he admittedly knew such action could result in his termination was the equivalent of refusing work within his physical restrictions and a valid basis for suspending or terminating TTD.

¶ 13    Claimant argues the analysis used by the Commission to deny him TTD benefits following his termination from employment was contrary to law pursuant to *Interstate Scaffolding*. He contends that case is factually similar to the present case and prohibits the Commission from delving into the reasons for termination, which he alleges the Commission impermissibly did in this case.

¶ 14    "A claimant is temporarily totally disabled from the time an injury incapacitates him from work until such time as he is as far recovered or restored as the permanent character of his injury will permit." *Westin Hotel v. Industrial Comm'n*, 372 Ill. App. 3d 527, 542, 865 N.E.2d 342, 356 (2007). "It is a well-settled principle that when a claimant seeks TTD benefits, the dispositive inquiry is whether the claimant's condition has stabilized, *i.e.*, whether the claimant has reached [MMI]." *Interstate Scaffolding*, 236 Ill. 2d at 142, 923 N.E.2d at 271. Further, "[t]o be entitled to TTD, a claimant must show not only that he did not work but that he could not work." *Residential Carpentry, Inc. v. Illinois Workers' Compensation Comm'n*, 389 Ill. App. 3d 975, 981, 910 N.E.2d 109, 115 (2009). TTD benefits may be suspended or terminated if the employee (1) refuses to submit to medical, surgical, or hospital treatment essential to his recovery; (2) fails to cooperate in good faith with rehabilitation efforts; or (3) refuses work falling within the physical restrictions prescribed by his doctor. *Interstate Scaffolding*, 236 Ill. 2d at 146, 923 N.E.2d at 274.

¶ 15    "Before a reviewing court may overturn a decision of the Commission, the court must find that the award was contrary to law or that the Commission's factual determinations were against the manifest weight of the evidence." *Beelman Trucking v. Illinois Workers' Compensation Comm'n*, 233 Ill. 2d 364, 370, 909 N.E.2d 818, 822 (2009). Generally, the period during which a claimant is entitled to TTD benefits is a factual determination for the Commission and its decision will not be disturbed unless it is against the manifest weight of the evidence. *Westin Hotel*, 372 Ill. App. 3d at 542, 865 N.E.2d at 356. However, "if the Commission relies on a legally erroneous premise to find a fact, the resulting decision is contrary to law and must be reversed." *Franklin v. Industrial Comm'n*, 211 Ill. 2d 272, 282-83, 811 N.E.2d 684, 691 (2004). "On questions of law, review is *de novo*, and a court is not bound by the decision of the Commission." *Beelman Trucking*, 233 Ill. 2d at 370, 909 N.E.2d at 822.

¶ 16    Here, the parties disagree on whether the Commission utilized the correct legal analysis in vacating the arbitrator's award of TTD benefits following claimant's termination from his employment. This issue presents a question of law and is subject to *de novo* review.

¶ 17    In *Interstate Scaffolding*, 236 Ill. 2d at 136, 923 N.E.2d at 268, the claimant sustained work-related injuries to his head, neck, and back but was able to return to work for the employer in a light-duty capacity. Following his return to work, a conflict arose between the claimant and the assistant to the employer's president, culminating in the claimant's termination from employment. *Interstate Scaffolding*, 236 Ill. 2d at 136-37, 923 N.E.2d at 268-69. The stated reason for the claimant's dismissal was defacement of the employer's property due to the claimant writing religious graffiti in the employer's storage room. *Interstate Scaffolding*, 236 Ill. 2d at 137-38, 923 N.E.2d at 269. Although the claimant admitted to writing religious slogans in the storage room, he did not believe those writings were the reason for his dismissal, stating other employees had written on the shelves or walls of the storage room without repercussion. *Interstate Scaffolding*, 236 Ill. 2d at 138-39, 923 N.E.2d at 269-70.

¶ 18    Following a hearing, the arbitrator determined the claimant was not entitled to TTD benefits subsequent to his termination. *Interstate Scaffolding*, 236 Ill. 2d at 139, 923 N.E.2d at 270. The Commission modified that portion of the arbitrator's decision, finding the claimant's condition had not stabilized as of the date of arbitration and he was entitled to TTD benefits for the period of time between his termination and the arbitration hearing. *Interstate Scaffolding*, 236 Ill. 2d at 140, 923 N.E.2d at 270. On appeal, this court reversed the Commission's award of TTD benefits, "holding that an employer may cease paying TTD benefits if the injured employee commits a volitional act of misconduct that serves as justification for his termination." *Interstate Scaffolding*, 236 Ill. 2d at 142, 923 N.E.2d at 271 (citing *Interstate Scaffolding, Inc. v. Illinois Workers' Compensation Comm'n*, 385 Ill. App. 3d 1040, 1047, 896 N.E.2d 1132, 1139 (2008)).

¶ 19    Ultimately, the supreme court reversed this court's decision and reinstated the Commission's TTD award, holding "that when an employee who is entitled to receive workers' compensation benefits as a result of a work-related injury is later terminated for conduct unrelated to the injury, the employer's obligation to pay TTD workers' compensation benefits continues until the employee's medical condition has stabilized and he has reached [MMI]." *Interstate Scaffolding*, 236 Ill. 2d at 135-36, 923 N.E.2d at 268. In reaching its decision, the court rejected this court's finding that the critical inquiry in determining a claimant's entitlement to TTD benefits when leaving the workforce was whether the departure was voluntary. *Interstate Scaffolding*, 236 Ill. 2d at 143-45, 923 N.E.2d at 272-73. The court noted that "worker's compensation is a statutory remedy" and "[a]ny action taken by the Commission must be specifically authorized by statute." *Interstate Scaffolding*, 236 Ill. 2d at 145, 923 N.E.2d at 273-74. Further it stated as follows:

        "Looking to the Act, we find that no reasonable construction of its provisions supports a finding that TTD benefits may be denied an employee who remains injured, yet has been discharged by his employer for 'volitional conduct' unrelated to his injury. A thorough examination of the Act reveals that it contains no provision for the denial, suspension, or termination of TTD benefits as a result of an employee's discharge by his employer. Nor does the Act condition TTD benefits on whether there has been

'cause' for the employee's dismissal. Such an inquiry is foreign to the Illinois workers' compensation system." *Interstate Scaffolding*, 236 Ill. 2d at 146, 923 N.E.2d at 274.

¶ 20 The supreme court held "that an employer's obligation to pay TTD benefits to an injured employee does not cease because the employee had been discharged–whether or not the discharge was for 'cause' " and "[w]hen an injured employee has been discharged by his employer, the determinative inquiry for deciding entitlement to TTD benefits remains, as always, *whether the claimant's condition has stabilized*." (Emphasis added.) *Interstate Scaffolding*, 236 Ill. 2d at 149, 923 N.E.2d at 276. Further, the court stated as follows:

"It remains the law in Illinois that an at-will employee may be discharged for any reason or no reason. [Citation.] Whether an employee has been discharged for a valid cause, or whether the discharge violates some public policy, are matters foreign to workers' compensation cases. An injured employee's entitlement to TTD benefits is a completely separate issue and may not be conditioned on the propriety of the discharge." *Interstate Scaffolding*, 236 Ill. 2d at 149, 923 N.E.2d at 276.

¶ 21 Cleary, the supreme court's holding in *Interstate Scaffolding* prohibits the *automatic* denial of TTD benefits to an injured employee when the employee has been discharged from work by the employer. However, that is not the extent of the court's holding. In addition to proscribing the denial of TTD based solely on an employee's discharge, the court also clearly held that when an employee who is entitled to benefits under the Act is terminated for conduct unrelated to his injury, the employer's TTD obligation continues "until the employee's medical condition has stabilized." *Interstate Scaffolding*, 236 Ill. 2d at 135-36, 923 N.E.2d at 268. This is true even in cases of for-cause dismissal. In so holding, the court expressly rejected an interpretation of the Act that would support a denial of TTD where an employee's volitional conduct was the basis for termination.

¶ 22 Here, the employer agrees claimant sustained a compensable work injury on March 7, 2010. Also, it is undisputed that claimant was discharged by the employer for acts unrelated to his injury. Thus, the appropriate inquiry for the Commission was whether claimant's medical condition had stabilized at the time of his termination. As to that issue, the undisputed facts show claimant was placed on light-duty work restrictions following his accident and he remained under light-duty restrictions after his June 2011 termination. Both the arbitrator and the Commission determined claimant was entitled to prospective medical expenses for surgery necessary to treat his work injury, that claimant had not reached MMI, and that claimant's condition had not stabilized. These findings are not challenged on appeal. Thus, the evidence was sufficient to show, at the time of his termination, claimant continued to be temporarily totally disabled as a result of his work-related injury. Such a showing entitled him to TTD benefits from the time of his termination to the date of arbitration. *Interstate Scaffolding*, 236 Ill. 2d at 149, 923 N.E.2d at 276 ("If the injured employee is able to show that he continues to be temporarily totally disabled as a result of his work-related injury, the employee is entitled to TTD benefits.").

¶ 23 Nevertheless, despite finding claimant's condition was not stabilized, the Commission denied him TTD benefits. It noted, in *Interstate Scaffolding*, 236 Ill. 2d at 146-47, 923 N.E.2d at 274, the supreme court acknowledged TTD benefits may be suspended or terminated when a claimant refuses work within his physical restrictions. The Commission found claimant's "theft of cigarettes amount[ed] to a refusal to work in the light duty position that [the employer] had been providing for over a year." Further, it stated as follows:

- 6 -

"[Claimant] testified that he understood that stealing is a crime and that stealing from [the employer] could result in his employment termination. [Claimant] also testified that but for his employment termination, he believed he would still be working in the light duty position with [the employer]. Under the circumstances of this case, we find that [claimant] refused [the employer's] ongoing offer of work within his physical restrictions."

¶ 24   Here, we find the Commission erred in determining claimant refused work within his physical restrictions. First, while the Commission may examine the facts of a particular case and find the claimant refused light-duty work offered by his employer, in doing so, it should consider the claimant's conduct without reference to, or reliance on, his termination from employment. As discussed, the simple fact that a claimant committed a voluntary act and, as a result, was properly discharged is not a valid basis for terminating or suspending TTD. In *Interstate Scaffolding*, 236 Ill. 2d at 148-49, 923 N.E.2d at 275-76, the supreme court held as follows:

"The appellate court below believed that a discharged employee should be automatically barred from receiving TTD benefits because 'allowing an employee to collect TTD benefits from his employer after he was removed from the work force as a result of volitional conduct unrelated to his injury would not advance the goal of compensating an employee for a work-related injury.' [Citation.] This logic, however, is faulty.

It is a well-settled principle that the Act is a remedial statute and should be liberally construed to effectuate its main purpose–providing financial protection for injured workers. [Citations.] In our view, the Act's purpose is not furthered by automatically denying TTD benefits to an injured employee simply because he has been discharged by his employer.

It remains the law in Illinois that an at-will employee may be discharged for any reason or no reason. [Citation.] Whether an employee has been discharged for a valid cause, or whether the discharge violates some public policy, are matters foreign to workers' compensation cases. An injured employee's entitlement to TTD benefits is a completely separate issue and may not be conditioned on the propriety of the discharge."

In this case, claimant's knowledge that his voluntary conduct, *i.e.*, theft of cigarettes, conduct inarguably unrelated to his injury, was a crime and could properly result in his termination was not sufficient to support the Commission's denial of TTD benefits.

¶ 25   Second, we find this case is factually similar to *Interstate Scaffolding*, 236 Ill. 2d at 146-47, 923 N.E.2d at 274, where the supreme court determined it was not faced with a claimant's refusal of work falling within his physical restrictions. The employer argues *Interstate Scaffolding* is factually distinguishable because claimant in this case acknowledged that he knew his conduct (stealing from the employer) could result in his termination. We disagree and find that, like the claimant in *Interstate Scaffolding*, claimant in this case sustained compensable work-related injuries, returned to work in a light-duty capacity for the employer (for over a year in the case at bar), and was terminated by the employer for conduct unrelated to his work injury. Just as the facts of *Interstate Scaffolding* did not amount to a refusal of light-duty work, the facts here also fail to present such a situation.

¶ 26 Additionally, we find nothing in the supreme court's decision that would show the result in *Interstate Scaffolding* was dependent upon the claimant's knowledge, or lack thereof, as to whether his conduct could result in termination. As the supreme court pointed out, in Illinois, an at-will employee may be discharged for any reason or no reason and whether an employee is justifiably discharged is a matter "foreign to workers' compensation cases" and completely separate from issues related to an injured employee's entitlement to TTD. *Interstate Scaffolding*, 236 Ill. 2d at 149, 923 N.E.2d at 276. In its brief, the employer suggests "the issue presented here is not whether [claimant's] TTD benefits could be suspended after his discharge for cause, but whether [claimant] knowingly engaged in conduct that is tantamount to a refusal to work, which according to the [s]upreme [c]ourt's holding in *Interstate Scaffolding*, provides a basis for the termination of TTD benefits." We disagree with such an interpretation of *Interstate Scaffolding*. In fact, the supreme court specifically considered and rejected an analysis which included inquiry into whether the " 'employee has engaged in misconduct constituting a constructive refusal to perform the work.' " *Interstate Scaffolding*, 236 Ill. 2d at 145, 923 N.E.2d at 273 (quoting *Interstate Scaffolding*, 385 Ill. App. 3d at 1051-52, 896 N.E.2d at 1142 (Donovan, J., dissenting, joined by Holdridge, J.)). Whether claimant was appropriately discharged, or knew he could be as a result of his conduct, was not an appropriate consideration for the Commission under the circumstances presented.

¶ 27 The record shows claimant was entitled to benefits under the Act as a result of his work-related injury but was terminated from his employment for conduct unrelated to his injury. Per *Interstate Scaffolding*, the critical inquiry for the Commission when determining claimant's entitlement to TTD was whether his medical condition had stabilized and he had reached MMI. The Commission went beyond such considerations in vacating the arbitrator's award of TTD and its decision is contrary to law. Further, the circumstances presented did not amount to a refusal of work within his physical restrictions by claimant and the Commission's finding to the contrary was against the manifest weight of the evidence.

¶ 28                                         III. CONCLUSION
¶ 29 For the reasons stated, we affirm the circuit court's judgment, reversing the portion of the Commission's decision which vacated the arbitrator's award. We reinstate the arbitrator's TTD award and remand to the Commission for further proceedings pursuant to *Thomas*, 78 Ill. 2d 327, 399 N.E.2d 1322.

¶ 30 Judgment affirmed and arbitrator's award reinstated; cause remanded.

¶ 31 PRESIDING JUSTICE HOLDRIDGE, specially concurring.
¶ 32 I agree that the judgment of the circuit court should be affirmed and the arbitrator's award should be reinstated with the cause remanded to the Commission. I write separately in order to clarify the majority's analysis of *Interstate Scaffolding, Inc. v. Illinois Workers' Compensation Comm'n*, 236 Ill. 2d 132 (2010). In that case, a majority of this court held that an employer could cease payment of TTD benefits if the injured employee committed a volitional act of misconduct that justified his termination. *Interstate Scaffolding, Inc. v. Illinois Workers' Compensation Comm'n*, 385 Ill. App. 3d 1040, 1047 (2008). As the majority herein points out, our supreme court subsequently rejected this analysis, holding that an employer's obligation to pay TTD benefits does not cease when an employee has been discharged. *Interstate*

*Scaffolding*, 236 Ill. 2d at 145. Rather, "the determinative inquiry for deciding entitlement to TTD benefits remains, as always, *whether the claimant's condition has stabilized*." (Emphasis added.) *Interstate Scaffolding*, 236 Ill. 2d at 149.

¶ 33    I write separately to point out that the appellate court's decision in *Interstate Scaffolding* was not unanimous. The dissent pointed out that the determinative inquiry should not be whether the employer had just cause to terminate the employee, but whether the employer's refusal to continue to pay TTD benefits after the termination was permissible under the Act. *Interstate Scaffolding*, 385 Ill. App. 3d at 1052 (Donovan, J., dissenting, joined by Holdridge, J.). The dissent further pointed out that, even if the employer could establish that a claimant's employment was terminated for misconduct, the claimant should nonetheless be allowed to establish that his work-related injuries and medical restrictions "prevent[ed] him from securing employment at pre-injury work levels." *Id.* If so, the dissent reasoned, he should be allowed to continue receiving TTD benefits. *Id.* While our supreme court did not expressly adopt the analysis articulated in the dissent, I maintain that the analysis in the dissent is fully consistent with the supreme court's holding.